**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLENN LEATHERBURY,

          Plaintiff - Appellant,

  v.

C&H SUGAR COMPANY, INC., a
Delaware corporation and AMERICAN
SUGAR REFINING, INC., a Delaware
corporation,

          Defendants - Appellees.

No. 12-17835

D.C. No. 3:10-cv-01969-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted April 13, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and BENITEZ,[**] District
Judge.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Roger T. Benitez, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

Glenn Leatherbury appeals the district court's grant of summary judgment in favor of his employer, C&H Sugar Company, Inc. and its parent company American Sugar Refining, Inc., on his claims of failure to pay overtime in violation of California Labor Code § 510, and for violations of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1.     The district court did not err in concluding that Leatherbury was exempt from California's overtime wage requirements. *See* Cal. Labor Code §§ 510, 515. First, the suggestions of supervisors (such as Leatherbury) were given "particular weight" in making decisions to hire, fire, promote, and change the status of employees. *See In re United Parcel Serv. Wage & Hour Cases*, 118 Cal. Rptr. 3d 834, 842 (Ct. App. 2010). Second, supervisors customarily and regularly exercised their discretion and independent judgment. Leatherbury had the authority to discipline union employees and to determine when someone would work overtime. He also addressed complaints and concerns raised by union employees. These decisions and choices were "matters of significance" that affected numerous employees with respect to C&H's business. *Id*. at 851-52. Lastly, supervisors like Leatherbury "primarily engaged in duties that meet the test of the exemption." *Id*. at 842. Leatherbury defines much of his duties (such as keeping track of

2

subordinates' time and spot checking and examining the work of subordinates) as "clerical." Despite Leatherbury's classification of his duties, much of that work includes work done by exempt employees. *See id*. at 845-46; *see also* 29 C.F.R. § 541.703 (2008).

2.     Assuming that Leatherbury established his prima facie case of disability discrimination, C&H adequately rebutted the resulting presumption of discrimination by showing that it terminated Leatherbury for legitimate, non-discriminatory reasons. Leatherbury has not identified pretext sufficient to create a triable issue of fact material to C&H's motivation in terminating him.

Leatherbury "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence . . . ." *McRae v. Dep't of Corr. & Rehab.*, 48 Cal. Rptr. 3d 313, 321 (Ct. App. 2006) (internal quotation marks omitted). Leatherbury challenged C&H's three proffered reasons for termination—(1) performing union work, (2) interfering with union negotiations, and (3) poor performance in his new position as a packing supervisor. However, Leatherbury's challenges at best show that C&H's "decision was wrong, mistaken, or unwise." *Id*. A wrong, mistaken, or unwise decision is not enough to establish pretext. *Id.*

3.     The district court did not err in concluding that Leatherbury failed to establish a claim of race discrimination and retaliation.  Leatherbury did not establish a prima facie case of race discrimination or retaliation.  The employee who was the source of the alleged discrimination and retaliation was terminated prior to Leatherbury's transfer to Packing Supervisor and thereafter his termination from C&H.  There is no causal connection between the alleged discriminatory conduct and his termination.  Furthermore, even if Leatherbury established a prima facie case, his claims would fail, because Leatherbury cannot establish that his termination was pretextual for any type of discrimination.

4.     The district court did not err in concluding that C&H did not fail to accommodate Leatherbury's disability or engage in the interactive process.  At best, C&H was on notice of Leatherbury's disability two days prior to his termination.  However, Leatherbury did not provide C&H a list of restrictions or request an accommodation.  *See King v. United Parcel Serv., Inc.*, 60 Cal. Rptr. 3d 359, 374 (Ct. App. 2007).  In fact, the medical doctor at C&H released Leatherbury to work without any restrictions.  Based on this evidence, Leatherbury failed to present an issue of material fact that C&H failed to accommodate his disability prior to his termination.

5.      Because Leatherbury failed to raise triable issues of fact with respect to his FEHA claims, his wrongful termination claim must also fail.

**AFFIRMED.**